UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TU XONG VANG,

    Plaintiff,

v.                                Case No. 23-C-648

PIERCE MANUFACTURING, INC.,

    Defendant.

## DECISION AND ORDER DENYING MOTION TO DISMISS

Plaintiff Tu Xong Vang brought this action against Defendant Pierce Manufacturing, Inc., asserting claims of race discrimination and retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended. In his amended complaint, Plaintiff claims that Defendant took adverse actions against him consisting of two separate suspensions (one in December 2019 and a second in May 2021), and then terminating his employment on May 19, 2021. He alleges that the suspensions and termination were discriminatory on account of his race (Asian) and in retaliation for his opposition to racial discrimination.

The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The case is before the court on Defendant's motion to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendant seeks to dismiss Plaintiff's claims as barred by the applicable statute of limitations and the doctrine of res judicata or claim preclusion. For the following reasons, Defendant's motion will be denied.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). In deciding such a motion, a court may also consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

To survive a Rule 12(b)(6) motion, a complaint must have factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* Thus, a simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal citations and quotations marks omitted); *see also Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

And while it is true that courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses, "when all relevant facts are presented, the court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on the Pleadings—on

the basis of an affirmative defense." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (approving of granting motions to dismiss based on the statute of limitations when "the relevant dates [that establish the defense] are set forth unambiguously in the complaint").

## THE AMENDED COMPLAINT

Plaintiff, Tu Xong Vang, is an adult male resident of Wisconsin whose race is Asian. Am. Compl. ¶¶ 3–4, Dkt. No. 12. Defendant, Pierce Manufacturing, Inc., is a Wisconsin corporation that assembles and manufactures fire trucks and other fire-protection and fire-related equipment. *Id.* ¶¶ 5–6. Plaintiff worked for Defendant as a machine operator, starting in 2005. *Id.* ¶ 9. William Kurtzweil was Plaintiff's direct supervisor during the years 2019 to 2021. *Id.* ¶ 10. On April 16, 2019, Plaintiff filed his first employment discrimination and retaliation complaint against Defendant with the Wisconsin Department of Workforce Development, Equal Rights Division (ERD), which was cross-filed with the Equal Employment Opportunity Commission (EEOC). *Id.* ¶ 11. It is not clear from the complaint what the allegations were to support such a charge prior to April 16, 2019. Plaintiff refers to this as the "Initial Period of Discrimination and Retaliation." Dkt. No. 19 at 1.

In any event, Plaintiff alleges that, by early December 2019, Kurtzweil was made aware of Plaintiff's first ERD complaint. *Id.* ¶ 15. The amended complaint alleges that Kurtzweil was upset and displeased with Plaintiff for filing the first ERD complaint. *Id.* ¶ 16. On December 16, 2019, Kurtzweil disciplined Plaintiff with a one-day suspension and made him sign a "Last Chance Agreement." *Id.* ¶ 17. Kurtzweil did not discipline Plaintiff's non-Asian co-workers for the same or similar conduct which led to Plaintiff's one-day suspension and Last Chance Agreement. *Id.* ¶ 18. Plaintiff calls this the "Second Period of Discrimination and Retaliation." Dkt. No. 19 at 2.

3

On January 25, 2021, the ERD issued an Initial Determination on Plaintiff's first ERD complaint. *Id.* ¶ 19. A copy of the Initial Determination filed in support of Defendant's motion to dismiss reveals that the ERD determined that no probable cause existed to believe that Defendant discriminated against Plaintiff because of his race or retaliated against him. Decl. of Jacob R. Sundelius, Ex. A, Dkt. No. 9-1. In any event, Plaintiff alleges that when Kurtzweil was made aware of the ERD's Initial Determination, he actively sought a baseless justification to suspend or terminate Plaintiff's employment with Defendant. *Id.* ¶ 22. Defendant suspended Plaintiff on May 10, 2021, for allegedly engaging in workplace conduct that Plaintiff's non-Asian co-workers also similarly engaged in during this time and for which Defendant did not discipline or suspend them. *Id.* ¶ 24. Defendant terminated Plaintiff's employment on May 19, 2021, for allegedly engaging in workplace conduct that Plaintiff's non-Asian co-workers also similarly engaged in during this time and for which Defendant did not discipline them. *Id.* ¶ 26. Plaintiff refers to this as the "Third Period of Discrimination and Retaliation." Dkt. No. 19 at 2.

On July 12, 2021, Plaintiff filed a second, separate employment discrimination complaint with the ERD, which was also cross-filed with the EEOC. *Id.* ¶ 27. In his second ERD complaint, Plaintiff alleged race discrimination and retaliation under the Wisconsin Fair Employment Act and Title VII, relating specifically to Defendant's suspension of Plaintiff on May 10, 2021, and his subsequent termination on May 19, 2021. *Id.* The EEOC issued Plaintiff a right to sue letter relating to the second complaint on May 26, 2023. *Id.* ¶ 28.

Based on these allegations, Plaintiff asserts a total of eight claims, the first four of which are asserted under 42 U.S.C. § 1981. Count 1 alleges that Plaintiff was suspended in December 2019 and again in May 2021 on account of his race. Count 2 alleges that his employment was terminated in May 2021 on account of his race. Counts 3 and 4 allege that the same conduct was

motivated by unlawful retaliation. The remaining Counts 5 through 8 are identical except they are asserted under Title VII. Defendant argues that all eight counts are either time barred or are barred under the doctrine of res judicata.

## ANALYSIS

Defendant first argues that Plaintiff's Title VII claims (Counts 5 through 6) are time barred. Under Title VII, "a plaintiff must file suit within 90 days from the date the EEOC gives notice of the right to sue." *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999) (citing 42 U.S.C. § 2000e–5(f)(1)). Based on the Right to Review by the EEOC letter that was sent to Plaintiff after the Initial Determination of no probable cause on his first ERD complaint, Sundelius Decl., Ex. C, Defendant infers that Plaintiff would have received a Right to Sue letter from the EEOC on or around March 12, 2021. Dkt. No. 16 at 5. Counting 90 days from March 12, Defendant concludes that Plaintiff needed to file suit by June 12, 2021, in order to meet the time limitation in § 2000e–5(f)(1). Because Plaintiff did not commence suit until May 22, 2023, Defendant argues that his Title VII claims are barred.

Plaintiff does not dispute that he received a right to sue letter for his first ERD complaint on or about March 12, 2021. He contends, however, that the letter he received on or around March 12, 2021, relates only to the first period of discrimination and retaliation. It has no bearing on this case, Plaintiff argues, since his lawsuit asserts claims based only on the second and third periods of discrimination and retaliation alleged in the complaint. As to those claims, which Plaintiff contends he asserted in his second ERD complaint, Plaintiff alleges he did not receive a right to sue letter until May 26, 2023. His amended complaint was filed on August 14, 2023, well within the 90-day limitations period.

5

Defendant argues in response that the December 2019 suspension was part of the initial complaint and thus that part of Plaintiff's claim is clearly barred. Defendant further argues that the remaining claims are also barred because the ERD considered the same facts and rejected the same arguments the Plaintiff offers in his second ERD complaint. Neither argument provides sound reasons for granting Defendant's motion to dismiss the amended complaint.

Plaintiff's initial ERD complaint was filed on April 16, 2019, and necessarily alleged acts that occurred prior to that date. Defendant claims, however, that Plaintiff amended his initial ERD complaint to add the December 2019 suspension and thus the ERD initial determination must be read to cover what Plaintiff calls the second period of discrimination and retaliation as well as the first. But it is not at all clear on this record that the December 2019 suspension was a part of what the ERD considered. In support of its assertion that the earlier suspension was a part of the first complaint, Defendant points to an unsigned and undated document that contains a "Statement of Discrimination" that describes the December 2019 incident and purports to add it to the earlier complaint. Sundelius Decl., Ex. B, Dkt. No. 9-2. But there is no discussion of that incident in the ERD's initial determination. In fact, there is no discussion of any event after April 2019. *Id.*, Ex. A, Dkt. No. 9-1. Moreover, Plaintiff contends that the right to sue letter he received on May 26, 2023 covered both the second and third periods of discrimination and retaliation alleged in his amended complaint. Dkt. No. 19 at 7. Based on the record as it now stands, the court is unable to say that the December 2019 suspension was part of the initial ERD complaint. If it was not part of the initial complaint, the court cannot conclude it was time-barred on this record.

Defendant's argument that there are no new facts alleged that support Plaintiff's claims has even less merit. Plaintiff has alleged that he suffered adverse employment actions in the form of two suspensions and the termination of his employment since his initial ERD complaint. He claims

6

that non-Asian co-workers who engaged in the same types of behavior for which he was disciplined received no discipline. Plaintiff has also alleged that his supervisor was aware of his earlier ERD complaint, was upset and displeased with him, and sought a reason to suspend or terminate his employment. These are all new allegations that were not addressed in the ERD's initial determination. It thus follows that Plaintiff's Title VII claims are not time-barred, at least on the current state of the record.

It also follows that Plaintiff's § 1981 claims are not barred by the doctrine of res judicata or claim preclusion. "The doctrine of claim preclusion provides that a final judgment on the merits bars parties from relitigating any claim that arises out of the same relevant facts, transactions or occurrences." *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 233, 601 N.W.2d 627, 636 (1999). Whatever the legal effect of a state administrative agency's initial determination of no probable cause may have on federal claims under § 1981, it certainly does not bar claims that could not have been asserted at the time the initial determination was made. Defendant has failed to demonstrate, even with the documents it seeks to incorporate into the record, that Plaintiff did or could have asserted the claims he has asserted in his lawsuit into his initial ERD complaint.

Finally, Defendant's suggestion that Plaintiff has failed to state a claim under Rule 12(b)(6) because he has not come forward with facts sufficient to establish a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), Dkt. No. 20 at 6, confuses the pleading standard for an employment discrimination case with the showing needed to avoid summary judgment. *Kaminski*, 23 F.4th at 777. "Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination." *Id.* (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.

2008) (interpreting *Twombly* and explaining that, in the employment discrimination context, avoiding dismissal requires a plaintiff to "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests" and to allege a right to relief above "a speculative level" (cleaned up)). Plaintiff's amended complaint meets that standard.

## CONCLUSION

For these reasons, Defendant's motion to dismiss the amended complaint (Dkt. No. 15) is **DENIED**. The Clerk is directed to set this matter on the court's calendar for a Rule 16 scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of December, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge